CONNER, J.
A.M.O. appeals a withheld adjudication of delinquency after being found guilty of loitering and prowling. He claims the trial court erred in denying his motion for judgment of dismissal. We reverse, holding that A.M.O.’s conviction cannot stand based on the application of the last sentence of section 856.021(2), Florida Statutes (2009).
The offense allegedly occurred on November 19, 2009. On that date, Detective James Gibbons was in the area of 68th Avenue and Johnson Street in Hollywood. There had been numerous robberies in the area for iPods, iPhones, money, and bicycles. The detective observed A.M.O. and another juvenile riding their bicycles in front of a store, following some children. A.M.O. and his friend were staring at the children as they would walk by as if they were going to approach, then they would back off. A.M.O. and his friend were wearing black ski masks on their heads that came down to their eyebrows. As they rode on the bicycles, the tops of the masks would slide back and the eye holes became visible.
Gibbons, who testified he watched A.M.O. and his friend for over a minute, *421 became concerned that they were getting ready to rob the children walking in front of the store. He approached A.M.O. and his friend and when he made contact, it appeared A.M.O. and his friend attempted to ride away. However, Detective Gibbons did not believe they were trying to escape. After reading them Miranda warnings, they told Gibbons that the masks had been for Halloween. Since it had been three weeks since Halloween, their explanation did not dispel Gibbons’s alarm and he placed them into custody.
When the State rested, A.M.O. moved for a judgment of dismissal, arguing that according to section 856.021(2), Florida Statutes, the detective was required to ask A.M.O. to identify himself or ask for an explanation for A.M.O.’s presence, but failed to do so. A.M.O. also argued there was no threat to persons or property, only that the detective just had a hunch that these kids were going to somehow harm the children walking around. The trial judge denied the motion.
A.M.O. testified that he and his friend were going to a skate park, located five blocks away from where he was arrested, but stopped at a gas station to get something to drink. When they arrived, they saw one of the officers by the door so they went back across the street. Then the officers arrived and told them to sit down. A.M.O. denied that they were looking at people on the sidewalk or street because they were nowhere near the sidewalk or street. When questioned about the ski mask, he explained, “It’s a hat, a skully, that you can buy from the Quickie store ... And we cut holes in it for Halloween. And then after Halloween, we just still used it because when you ride bikes with skateboards, you start to sweat and it soaks up the sweat from being in your eyes.”
A.M.O. renewed his motion for judgment of dismissal, again arguing that A.M.O. was not asked to identify himself, only why he was wearing the mask on his head, contrary to section 856.021(2). A.M.O. argued that his explanation for being present in the area appeared to be true, and that there was no circumstance that would justify a reasonable alarm for the safety of persons or property in the vicinity. The trial judge denied the renewed judgment of dismissal, and later found A.M.O. guilty, stating, “You weren’t charged with a robbery. I don’t think you were trying to rob somebody, but I find you guilty of loitering and prowling at that station. You are guilty.” (emphasis added).
Section 856.021 provides:
856.021. Loitering or prowling; penalty
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself or herself, or manifestly endeavors to conceal himself or herself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself or herself and explain his or her presence and conduct. No person shall be convicted of an offense *422 under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern, (emphasis added).
In this case, the evidence is clear that the officers did not afford A.M.O. the opportunity to identify himself. Nor was there any testimony that A.M.O. refused to identify himself, took flight, or concealed himself. The statute clearly states that a person cannot be convicted if the law enforcement officer does not require the person to identify himself or herself and explain his or her presence and conduct. More importantly, the trial court found that A.M.O. was not about to commit robbery at the time he was stopped by the officers. At trial, the explanation given by A.M.O. that he stopped at the gas station for a drink before going to the skate park negated the conclusion he was about to rob the children in the area. The trial judge found that to be true (which he expressed on the record). If the officer had believed the same thing as the trial judge, it would have dispelled the alarm and immediate concern. Therefore, the finding that A.M.O. was not trying to rob somebody precluded the trial judge from finding A.M.O. guilty of loitering and prowling. We reverse the judgment of guilt and remand for entry of an order dismissing the case.

Reversed and Remanded.

WARNER and POLEN, JJ., concur.